[Docket No. 1, 1-1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

EVANS EXANTUS,

    Plaintiff,

  v.

COL. PATRICK J. CALLAHAN, *et al.*,

    Defendants.

Civil No. 25-13569 (RMB-SAK)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** came before Court upon the Complaint, [Docket No. 1], and Application to Proceed *in forma pauperis* ("IFP"), [Docket No. 1-1], filed by *pro se* Plaintiff Evans Exantus. Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted.

**I.    SCREENING FOR DISMISSAL**

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122

(3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 against Colonel Patrick J. Callahan, former Superintendent of the New Jersey State Police, Damon Tyner, former prosecutor at the Atlantic County Prosecutors Office as well as certain unknown arresting New Jersey State Police detectives (together, "Defendants"). Plaintiff alleges that in August 2019, the State Police unlawfully intercepted phone calls between himself and another person and that as a result of those intercepted phone calls, he was arrested and charged with a first-degree offense. [Compl. at 9.] Those charges were later dismissed. [*Id.*] He alleges that Defendants "failed to properly train and/or supervise" the state police detectives and assistant prosecutors working on the wiretap which the Court will construe as a claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). [Compl. at 5.] He additionally brings claims for malicious prosecution, wrongful arrest, false imprisonment,

intentional and negligent infliction of emotion distress, and abuse of process. [Compl. at 8.]

### III.   ANALYSIS

The Court will dismiss this action without prejudice. Plaintiff's Section 1983 claims are untimely.  Because "[a] section 1983 claim is characterized as a personal-injury claim," it is "governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); "Here, the statute of limitations for Plaintiff's section 1983 claims is two years because the claims arise in New Jersey and the applicable statute of limitations is two years." *Fogg v. Twp. of Montclair Dep't of Police*, 2024 WL 4024092, at *3 (D.N.J. Aug. 30, 2024) (citing N.J. Stat. Ann. § 2A:14-2 (requiring personal-injury claims in New Jersey to be commenced within two years)); *see also Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859–60 (3d Cir. 2014) ("In New Jersey, ... personal injury claims are governed by a two-year statute of limitations. Consequently, the statute of limitations for ... a violation ... under [ ]§ 1983 ... is two years."); *Dique*, 603 F.3d at 185 ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."); *Nash v. New Jersey*, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) ("New Jersey's two-year statute of limitations ... applies to any claims asserted under 42 U.S.C. § 1983."). Because Plaintiff alleges that conduct forming the basis of his complaint took place six years ago in August 2019, his Section 1983 claim is barred by the statute of limitations. So, the Court dismisses the Complaint but will afford Plaintiff leave to amend so that he may allege a basis to toll the statute of limitations,

allege a date of accrual within the two-year statute of limitations period, or plead a tolling doctrine.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** his Complaint **WITHOUT PREJUDICE**. The Court will afford Plaintiff **LEAVE TO AMEND** to remedy the deficiencies identified herein.

**August 13, 2025**　　　　　　　　　　　　**s/Renée Marie Bumb**
Date　　　　　　　　　　　　　　　　　　RENÉE MARIE BUMB
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge